IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

O'NEILL ANDERSON,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

§ Civil Action No. 04-10464 PBS

§ Criminal No. 95-10288 PBS

§ PETITION FOR WRIT OF ERROR
§ CORAM NOBIS, PURSUANT TO
§ 28 U.S.C.§1651(a)(1)

MAGISTRATE JUDGE Collings

COMES NOW petitioner, O'neill Anderson, appearing pro se, respectfully files this petition seeking the issuance of a writ of error coram nobis, vacating the judgment in the above referenced criminal matter, pursuant to 28 U.S.C.§1651(a)(1)(the "All Writs Act"), and would show this Court as follows:

1. Petitioner previously entered a guilty plea to numerous narcotics offenses. On November 14, 1996, petitioner was sentenced to 127 months imprisonment. Petitioner did not appeal from the judgment. However, petitioner subsequently moved to vacate his sentence pursuant to 28 U.S.C.§2255. That motion was denied after an evidentiary hearing. Petitioner is currently serving his sentence at the Federal Medical Center in Ayer, Massachusetts.

2. Prior to the imposition of the sentence in the aforementioned case, a presentence report was prepared by the U.S. Department of Probation for the District of Massachusetts. That report, among other things, reflected a prior state conviction for a controlled substance offense, sustained in 1991. However, by state court order dated August 9, 2000, the conviction was expunged. see, "Docket Entries" of State Court, annexed hereto.

Petition for Writ of Error Coram Nobis,
February 17, 2004, Page Two.

3. Petitioner's sentence was enhanced based upon the prior state conviction, which has now been expunged from the record upon a motion of petitioner. Thus, resentencing in the criminal matter would be in order. see, e.g., United States v. Pettiford, 101 F.3d 199 (1st Cir. 1996)(affirming district court's vacatur of sentence and resentencing where defendant's prior state conviction was used to enhance his federal sentence). In keeping with the teaching of Pettiford, this court should endeavor to rectify the constitutional wrong in this case through the issuance of a writ of error coram nobis, or writ of habeas corpus, in the alternative, pursuant to 28 U.S.C.§2241(c)(3).

4. It is noteworthy, however, that the Court may issue a writ of error coram nobis in accordance with the "All Writs Act" (28 U.S.C.§1651(a)(1)), since the facts surrounding this application (i.e., the unconstitutional nature of the prior state conviction) were unknown to the court and petitioner at the time of the original sentencing in this case. see, United States v. Morgan, 346 U..S. 502, 98 L.Ed. 248, 74 S.Ct. 247 (1954), and its progeny.

5. This application should not be construed as a motion made pursuant to 28 U.S.C.§2255, since petitioner has not sought, and could not obtain, leave of the Circuit court to proceed with such. Consequently, the court should proceed to the merits of this motion.

Petition for Writ of Error Coram Nobis,
February 17, 2004, Page Three.

### CONCLUSION

Petitioner having demonstrated that he is entitled to relief from the judgment entered in the criminal case, an order issuing either a writ of error coram nobis, pursuant to 28 U.S.C.§1651(a)(1), or, in the alternative, a writ of habeas corpus, pursuant to 28 U.S.C.§2241(c)(3), should issue forthwith, in the interest of justice and to avoid a complete miscarriage of justice.

WHEREFORE, PREMISES CONSIDERED, petitioner prays that the court will grant this application, in its entirety.


Dated: Ayer, Massachusetts
       February 17, 2004


Respectfully submitted,

O'neill Anderson, pro se
Register No. 20804-038
Federal Medical Center
P.O. Box 879
Ayer, Massachusetts 01432

IN THE COMMONWEALTH OF MASSACHUSETTS

FOR THE

DISTRICT OF DORCHESTER

O'niel Anderson        ]
                       ]
Petitioner             ]
                       ]
V.                     ]
                       ]
State of Massachusetts ]
                       ]
                       ]

DOCKET. NO: 9107CR3250AB

DATED:   OCTOBER,12th,2000

MOTION FOR DISPOSITION

TO EXPUNGED FELONY

COMES NOW Defendant/Petitioner, O'niel Anderson, hereby Motion's this
Honorable Court, for the DISPOSITION of this hearing, DOCKET.NO: 9107-
CR3250AB, held 8/9/2000, at 2:00pm. Date of Motion filed February,8th,
2000. Also, I am requesting other status I should be aware of.

*Mr. Anderson -,*
*Enclosed is a copy of the*
*docket sheet for this case.*
*The Motion was allowed*
*8/9/00 . Probation Dept. has been informed*
*Thank you.*

Respectfully Submitted By: O'niel Anderson

PRO-PER PERSONA

SUI JURIS

O'NIEL ANDERSON,20804-0.

F.M.C. DEVENS

P.O. BOX 879

AYER, MA. 01432

CERTIFICATE OF SERVICE

I O'niel Anderson, hereby certify that the foregoing document was sent
via U.S. mail postage to the following: 2 copies to the Court of the
Clerk. And 1 copy to the Hon. Sydney Hanlon, First Justice, at the
Dorchester Division, District Court Department of Trial Court, 510
Washington Street, Dorchester, Mass.02124. On this 12th day of October,
2000.

O'niel Anderson

ANDERSON ONEILL          9e6235ee  13257

8 9 00    7201    1275

MOTION FD CHANGE BOARD IN SUBMISSION
RECORDS ALLOWED - HANSON  J